# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUILLERMO VERA, | ) | CASE NO.  1:04cv06349 OWW TAG |
| | ) | |
| Petitioner, | ) | REPORT AND RECOMMENDATIONS |
| | ) | TO DISMISS PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS AS UNTIMELY |
| | ) | (Doc. 1) |
| | ) | and |
| STUART J. RYAN, warden, and SILVIA | ) | TO DENY MISCELLANEOUS |
| GARCIA, warden, | ) | MOTIONS AS MOOT |
| | ) | (Docs. 8, 9, 10, 11, and 12) |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The instant petition was filed September 10, 2004 in the United States District Court, Central District of California ("Petition").  (Doc.1).  Pursuant to court order filed September 17, 2004, the Petition was transferred to the United States District Court,  Eastern District of California.  (Doc. 3).

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing 2254 Cases; see, also,  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte* and dismiss a petition for writ of habeas corpus on those grounds.  Herbst v. Cook, 260

1

F.3d 1039, 1042-44 (9th Cir. 2001) (once a petitioner is given adequate notice and an opportunity to respond to allegations that his petition is subject to dismissal pursuant to the limitations period set forth in  the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the petitioner has the burden of providing an adequate response).  On December 6, 2004, this Court ordered Petitioner to show cause why the Petition should not be dismissed for failing to comply with the AEDPA's one year limitations period.  (Court Doc. 4).  Petitioner filed a response to the order to show cause on January 24, 2005.  (Court Doc. 7).

The AEDPA, enacted on April 24, 1996, imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh  v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  The instant Petition was filed on September 10, 2004 and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

2

This Court's task is to decide whether, based on the information contained in the Petition and Petitioner's Response to the Order to Show Cause, and absent the applicability of any tolling provisions, the one-year statute of limitations expired before the Petition was filed on September 10, 2004.

**A.  Factual Background**.

    **1.  Direct Review**.

Petitioner was convicted on September 24, 1997.  (Doc. 1, p. 3, paragraph 2 (d)). He appealed his conviction to California's Fifth District Court of Appeals ("5th DCA"), which affirmed the conviction in part and remanded it in part, in 5th DCA case number FO29675, on January 19, 2000.  (Doc.1, p. 3, paragraph 4 (a)).  The Petition  alleges that Petitioner appealed the 5th DCA's decision to the California Supreme Court, which denied his petition for review on May 10, 2000.  (Doc. 1, p. 3, paragraph 4).[1]

Documents submitted with Petitioner's Response to the Order to Show Cause indicate that, after retrial, the case was once again appealed to the 5th DCA, in Case No. F037358, which, on January 23, 2003, affirmed Petitioner's sentence after remand.  Petitioner petitioned for review in the California Supreme Court, in case number S113989, which was denied on April 9, 2003.

    **2.  Collateral Review.**

Petitioner alleges that he filed a petition for writ of habeas corpus with the Tulare County Superior Court ("Superior Court"), that was denied on March 25, 2002.  (Doc. 1, p. 4, paragraph 7(a)).  Petitioner also alleges that he filed a petition for writ of habeas with the 5th DCA, that was denied on June 13, 2002.  (Doc. 1, p. 4, paragraph 7 (b)).  Petitioner further alleges that he filed a petition for writ of habeas corpus with the California Supreme Court, that

///

///

---

[1]Page three, paragraph four of the Petition refers to the California Supreme Court case as case number "F 029675."  Page One of the Petition also refers to case number "S 108106."

1   was denied on March 5, 2003. (Doc. 1, pp. 4-5, paragraph 7 (c)).  The Petition does not list any

2   of the dates on which these state habeas proceedings were filed, only the dates on which they

3   were denied.

4           3. **Response to Order to Show Cause.**

5           On December 6, 2004, the Court ordered Petitioner to show cause why the Petition

6   should not be dismissed for filing the Petition beyond the one-year limitation period.  (Doc. 4).

7   Petitioner submitted a response to the order to show cause on January 24, 2005.  (Doc. 7).  That

8   response is replete with confused dates and disjointed chronologies, all of which are either

9   incomplete, unsupported by any documentation or evidence, or, in some cases, inconsistent with

10  dates asserted in the Petition.

11          For example, Petitioner asserts in this response that, "By returning to C.S.P. from

12  Court it was file an extension of time to archive the petition; wich there was no response because

13  the review of the case didn't finalize until July 10, 2004 (sic)."  (Doc. 4, p.1, lines 21-23).

14  Petitioner does not explain what he means by "review of the case didn't finalize until July 10,

15  2004."  Indeed, the date of July 10, 2004, bears no apparent significance to the dates alleged in

16  the Petition, and none of the documents attached to Petitioner's response to the order to show

17  cause mentions that date.[2]

18          Also in his response, Petitioner asserts:  "From there on forward the petition was archived

19  in the Superior Court approximately 30 days before the Court denied the petition March 25,

20  2002, subsequently approximately April 25, 2002 30 days after the petition was archived in the

21  Court of Appeal for the Fifth App. District (sic)."  (Doc. 4, p.1. lines 24-25).  The response

22  further states "It was denied on Jun 13, 202 (sic) and then later on it was archived on the

23  Supreme Court of California on the following date - July 8, 2002.  The California Supreme Court

24  then denied his petition for writ of Habeas Corpus on March 5, 2003; the case was first docketed

25  in the U.S. District Court on about April 4, 2002. "  (Doc. 4, p.1. lines 25-28).

26  _____

27          [2]The Court surmises that Petitioner may have intended to refer to the date of July 10, 2004 as the last day of
    the one-year limitation period, which, as mentioned previously, is actually July 8, 2004.

28

At least three of these dates correspond with the Petition's state court collateral review allegations, to wit: the Superior Court denied Petitioner's first state habeas petition on March 25, 2002; the 5th DCA denied his second habeas petition on June 13, 2002; and the California Supreme Court denied his third state habeas petition on March 5, 2003.  It appears that April 25, 2002 was the date Petitioner's habeas petition was filed with the 5th DCA, although Petitioner has provided no written proof of the exact filing date.  A copy of the face sheet of a petition for writ of habeas corpus entitled "Guillermo Vera vs. Silvia Garcia Warden C.S.P., No.  S108106 " dated July 8, 2002, is attached to Petitioner's response to the order to show cause, and appears to be a copy of the face sheet of a habeas petition filed by Petitioner with the California Supreme Court.

Finally, Petitioner's response to the order to show cause alleges that "the case was first docketed in the U.S. District  Court on or about April 4, 2002."  The April 4, 2002 date does not correspond with the September 10, 2004, filing date of the instant petition.  However, it does correspond to the date that Petitioner filed an unsuccessful motion for an extension of time to file a federal habeas petition in the matter of <u>Guillermo Vera v. Silvia Garcia, Warden C.S.P., United States District Court for the Central District of California, case number CV-03-2391-TJH-JWJ</u>.

**B. <u>Discussion of the Statute of Limitations</u>.**

**1. <u>The One–Year Statute of Limitations Period</u>.**

Based upon the foregoing, direct review of Petitioner's conviction and sentence would have concluded ninety days after April 9, 2003, the date when the California Supreme Court denied Petitioner's petition for review, i.e., on July 8, 2003.  <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887 (1983); <u>Wixom v. Washington</u>, 264 F.3d 894, 897 (9th Cir. 2001); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-1159 (9th Cir.1999).  Thus, Petitioner would have had one year from July 8, 2003, absent applicable tolling, or until July 8, 2004, within which to file his federal petition for writ of habeas corpus. <u>Maharaj v. Secretary for Dept. Of Corrections</u>, 304 F.3d 1345, 1348 (11th Cir. 2002) (statute of limitations runs from the date of state court re-sentencing and not the date of the original judgment); <u>Hepburn v. Moore</u>, 215 F.3d 1208, 1209 (11th Cir. 2000) (limitations period runs from re-sentencing if that is the challenge (per curiam); cf. <u>United States v. Colvin</u>, 204 F.3d

1  1221 (9th Cir. 2000) (under § 2255, applicable to federal prisoners, appellate remand will delay

2  the start of the clock until time for appeal expires on the remand disposition).

3      Because the Petition was filed on September 10, 2004, three months after the one-year

4  limitations period had expired, the Petition is untimely unless it can be saved by the application

5  of specific tolling provisions.

6      **2.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2).**

7      28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

8  application for State post-conviction or other collateral review with respect to the pertinent

9  judgment or claim is pending shall not be counted toward" the one-year limitation period.  28

10  U.S.C. § 2244(d)(2).

11      In <u>Nino v. Galaza</u>, the Ninth Circuit held that the "statute of limitations is tolled from the

12  time the first state habeas petition is filed until the California Supreme Court rejects the

13  petitioner's final collateral challenge."  <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999),

14  *cert. denied,* 120 S.Ct. 1846 (2000); <u>see</u>, <u>also</u>, <u>Taylor v. Lee</u>, 186 F.3d 557 (4th Cir. 1999);

15  <u>Barnett v. Lemaster</u>, 167 F.3d 1321, 1323 (10th Cir. 1999).[3]  The Court reasoned that tolling the

16  limitations period during the time a petitioner is preparing his petition to file at the next appellate

17  level reinforces the need to present all claims to the state courts first and will prevent the

18  premature filing of federal petitions out of concern that the limitation period will end before all

19  claims can be presented to the state supreme court.  <u>Nino</u>, 183 F.3d at 1005.

20      While it is unclear when Petitioner's state court post-conviction proceedings were

21  initiated, it is clear from the record that such proceedings <u>terminated</u> on March 5, 2002, when the

22  California Supreme Court rejected the last of Petitioner's state habeas claims.  Rule 24 of the

23  California Rules of Court, amended effective January 1, 2003, provides that rulings by the

24  ///

25

26      [3]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original
27  habeas corpus jurisdiction. <u>See</u>, <u>Nino</u>, 183 F.3d at 1006, n. 2.  Although a Superior Court order denying habeas
corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal.  <u>Id</u>.
28  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a
petition for review, or may instead file an original habeas petition in the Supreme Court. <u>See</u>, <u>id</u>.

1   California Supreme Court on petitions become "final on filing." Cal.R.Ct. 29.4(b)(2). Because

2   Petitioner's state habeas proceedings became final sixteen months *before* the one-year statute of

3   limitations *started* to run in this case, the state court habeas proceedings could not have provided

4   Petitioner with any statutory tolling relief. Just as a state court post-conviction motion that is

5   filed after the expiration of the limitations period cannot toll that period because there is no

6   period to toll, Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000), so state court post-

7   conviction proceedings that have terminated prior to the initiation of the limitations period

8   cannot toll that period. Under § 2244(d)(2), a properly filed state court petition must be

9   "pending" in order to toll the limitations period. Webster, 199 F.3d at 1259. Since Petitioner's

10  state court habeas proceedings were final prior to the commencement of his limitations period,

11  those state proceedings were not "pending" at the time Petitioner's limitations period began to

12  run, and thus they could have no tolling effect on the running of the one-year period.

13      **3. Equitable Tolling.**

14      The limitations period is subject to equitable tolling if "extraordinary circumstances

15  beyond a prisoner's control" have made it impossible for the petition to be filed on time.

16  Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v.

17  United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139

18  (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled*

19  *in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th

20  Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as

21  extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's

22  control make it impossible to file a petition on time"). In order to win equitable tolling, the

23  petitioner "must show that 'extraordinary circumstances' were the but-for proximate cause of his

24  untimeliness." Allen v. Lewis, No. 01-15503, 2001 WL 717021, at *1 (9th Cir. June 27, 2001).

25      Petitioner contends he was prevented from filing his habeas petition because "[o]n

26  October 23, 2003 [t]he C.D.C. searched and seizure the legal property of the petitioner (petition

27  of writ of Habeas Corpus)," and it "wasn't until the legal property was released or the petition of

28  ///

7

Habeas Corpus was given to the intern, wich the intern could of archived the petition . . . . (sic)"
(Doc. 4, p. 2, lines 7-11).  The Court construes this to mean that Petitioner contends he was
unable to file his federal habeas petition in a timely fashion because the prison authorities seized
his legal papers on October 23, 2003, and he was unable to file the petition until his legal papers
were returned and either Petitioner or an "intern" was able to prepare the petition.  Petitioner fails
to explain what circumstances made it impossible for him to file his federal habeas petition
before October 23, 2003, or how long it took before his legal papers were returned to him, or
why it was impossible for him to file his federal habeas petition from November 2003 to July
2004.

Petitioner's response to the order to show cause also claims that he was prevented from
filing unspecified documents because the court clerk interfered with his attempts to file
 documents. He contends that the "Clerk from the - Court thwarted the process from the present
cause Clerk's negligence which impeded the filing of papers . . . . (sic)" (Doc. 4, p. 2, lines
11-14).  Petitioner's response provides no factual specifics regarding the alleged interference by
the court clerk, and fails to allege that the court clerk prevented him from filing his federal
habeas petition.  Various transmittal letters and "Notice(s) of Document Discrepancies" attached
to Petitioner's response to the order to show cause reflect that certain pleadings and
correspondence were submitted by Petitioner for filing, but were rejected for filing and were
returned to Petitioner because they were either submitted after the case was terminated, amounted
to improper (letter) communications to the court, or were not in English.  These documents did
not include a federal habeas petition.  Petitioner fails to allege how court personnel
interfered, when, and over what duration.

Petitioner's response to the order to show cause avers that "The intern in the
present case even of his incapacity, lack of instruction, the obstacles he has found in the
transcourse of the present litigation, language barrier and the need and lack of professional
assistance from personal prepared in the branch of legal right has on every occasion presented
demonstrated or followed a course of "Extraordinary Diligency' . . . . (sic)"  (Doc. 4, Page 2,
lines 15-20).  However, claims of lack of knowledge of the law and illiteracy are insufficient to

8

justify equitable tolling.  See Hughes v. Idaho State Bd. of Corrections, 800 F. 2d 905 (9th Cir.

1986) (pro se prisoner's lack of knowledge of law and illiteracy unfortunate but insufficient to

establish cause); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Fisher v. Johnson, 174

F3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991).  Lack of knowledge

of applicable filing deadlines, unfamiliarity with the legal process, and lack of  representation

during the applicable filing period, do not provide a basis for equitable tolling. Hinton v. Pacific

Enterprises, 5 F.3d 391, 396-97 (9th Cir. 1993); cert. denied, 511 U.S. 1083 (1994); Barrow  v.

New Orleans S.S. Assn, 932 F.2d 473, 478 (5th Cir. 1991).

Petitioner's assertion that "the case was first docketed in the U.S. District Court on or

about April 4, 2002 " does not affect this analysis.  As mentioned, on that date, Petitioner filed a

motion for extension of time to file a federal habeas petition in the U.S. District Court for the

Central District of California.  In an Order Denying Motion for Extension of Time to File Habeas

Petition, and Summarily Dismissing Matter Without Prejudice dated August 12, 2003, the

Central District Court dismissed case CV-03-2391-TJH-JWJ without prejudice for two reasons.

First, the Court found that Petitioner's motion was an improper request for an advisory opinion

regarding whether Petitioner's federal habeas petition would be time-barred if it were filed or

contested. Second, the Court found that Petitioner's motion failed to demonstrate that

extraordinary circumstances beyond Petitioner's control made it impossible for Petitioner to file

his federal habeas petition on time.[4]

---

[4]District Judge Hatter's Order dated August 12, 2003 in Central District case CV-03-2391-TJH-JWJ provides as follows:

"It has come to the Court's attention that an order properly dismissing this case has not previously been entered. Thus, for the reasons set forth below, the Court hereby summarily dismisses this matter.

Petitioner, who currently is incarcerated at Calipatria State Prison in Calipatria, California, has filed a document which the Court construes as a motion seeking an extension of time to file a federal petition for writ of habeas corpus.  The Court presumes that petitioner  is referring to an extension of the one year limitation period accorded by 29 U.S.C. § 2244 (d)(1).  The timely filing of a federal habeas petition is not jurisdictional, but rather is subject to equitable tolling if extraordinary circumstances beyond a petitioner's control make it impossible to file a petition on time. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999); Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287-89 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 523 U.S. 1061 (1998).  Presently, however, the Court has concluded that petitioner's motion must be denied and that this matter must be dismissed without prejudice, for two independently sufficient reasons.

Petitioner's response to the order to show cause directs the Court's attention to "the records of the whole case" in reference to CV 03-2391-TJH-JWJ, which the Court construes as a request for judicial notice of the entire file in the Central District's case number CV 03-2391-TJH-JWJ.  (Doc. 4, p. 2, lines 2-3).  Federal Rules of Evidence Rule 201(d) provides that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information."  Rule 201 (c) provides that "[a] court may take judicial notice, whether requested or not."  See Fed. R.Civ. P. 201.  In this case, Petitioner has not supplied the "records of the whole case" and the Court declines to take judicial notice of "the records of the whole case."  However, the Court does take judicial notice of the existence (but not the truth of the facts recited therein) of District Judge Hatter's Order dated August 12, 2003, dismissing case CV 03-2391-THJ-JWJ without prejudice.

///

First, there are no adverse parties before the Court and there is no concrete dispute for this Court to decide. Petitioner's motion in effect seeks an advisory opinion, regarding whether petitioner's federal habeas petition will be time-barred (a) if the petition is filed at some unspecified date in the future which may or may not be within the one-year limitation period, and (b) if the State then raises the time bar as a defense.  Thus, the motion seeks relief which the Court could not grant without violating the "case or controversy" requirement of Article III, Section 2 of the United States Constitution. See In re Burgess, 2001 WL 603609 (N.D. Cal.); Wawak v. Johnson, 2001 WL 194974, adopted, 2001 WL 290526 (N.D. Tex); In Re Watson, 1997 WL 487431, *1 (N.D. Cal.); see also United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (holding that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition actually is filed); United States v. Clarke, 1998 WL 91069,*1 (D. Conn.) (denying request for extension of limitations period to file § 2255 motion); Application of Wattanasiri, 982 F. Supp. 955, 958 (S.D.N.Y. 1997)(same).

Second, notwithstanding petitioner's allegations regarding his lack of legal assistance, his ignorance of the law and the restrictions on law library access to which he is subject, his motion fails to demonstrate that extraordinary circumstances have made it impossible for him to file his federal habeas petition on time. See, e.g., Stuart v. Newland, 2001 WL 125309, *2 (N.D. Cal.) (alleged restriction on law library access to two hours per week did not provide a basis for equitable tolling); Elkenberg v. Lewis, 1999 WL 13720, *2 (N.D. Cal.) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); Atkins v. Harris, 1999 WL 13719, *2 (N.D. Cal.) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations."); Ciria v. Cambra, 1998 WL 823026, *2-*3 N. D. Cal.) (no equitable tolling where petitioner alleging inter alia limited law library access and inadequacy of available legal materials); see also Hinton v. Pacific Enterprises, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of the law generally is an insufficient basis to equitably toll the running of an applicable statute of limitations), cert. denied, 511 U.S. 1083 (1994); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473,478 (5th Cir. 1991) (holding that neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the applicable filing period," nor "illiteracy," provides a basis for equitable tolling).

For the foregoing reasons, petitioner's motion is denied and this matter is dismissed without prejudice."

The Court has read and considered Petitioner's entire response to the order to show cause. The latter includes the face sheet of Petitioner's application for enlargement of time in Central Districts case CV-03-2391-TJH-JWJ, and a document in that case entitled "Notice of Document Discrepancies" dated September 13, 2004.  The Notice recites that a document submitted by Petitioner entitled "Request to Toll the Statute of Limitations" was rejected and not filed by the Central District court because case CV-03-2391-TJH-JWJ was terminated on August 12, 2003.

Petitioner's response to the order to show cause also includes an additional "Notice of Document Discrepancies" dated October 4, 2003, stating that the Central District court declined to file a document submitted  by Petitioner entitled "Request to Toll the Statute of Limitations" because case CV-03-2391-TJH-JWJ was terminated.  Thus, it appears Petitioner was on notice for more than one year before he filed the instant Petition on September 10, 2004, that the Central District court had denied his request to extend the time to file his federal habeas petition.

Implicit in this chronology is the fact that Petitioner was aware of the existence and running of the limitations period.  At the time Petitioner's request to extend the statute of limitations was denied in August 2003, in case CV-03-2391-TJH-JWJ, there were nearly 11 months[5] remaining in Petitioner's limitations period, ample time for Petitioner to file a federal habeas petition.  Moreover, Petitioner's attorney in his state appeal, Daniel G. Koryn, by letter dated April 11, 2003, had advised Petitioner of the denial of his petition for review in the California Supreme Court and also of the one-year limitations period in which to pursue a federal appeal.  (Doc. 4, p. 50).  Attorney Koryn urged Petitioner to write to him with any "questions regarding . . . the pertinent dates for your federal appeals . . . ."  (Id.).  Thus, Petitioner was aware both of the existence of the one-year limitations period for filing a federal petition and of the approximate dates when that period would commence and conclude.  Petitioner's claims that he lacked  instruction in the law, encountered obstacles in litigation, lacked professional assistance,

///

///

---

[5]The time from August 12, 2003 to July 8, 2004 is 331 days, or ten months and 24 days.

11

1   and encountered a language barrier, are not extraordinary circumstances.  Petitioner's
2   circumstances are no different than many, if not most, incarcerated inmates attempting to file a
3   petition for writ of habeas corpus.

4       Petitioner bears the burden of alleging facts that would give rise to equitable tolling.
5   Smith v. Duncan , 297 F.3d 809 (9th Cir. 2002); Hinton v. Pacific Enterprises, 5 F. 3d 391 (9th
6   Cir. 1993).  Petitioner has failed to meet his burden. The record before the Court fails to
7   demonstrate that extraordinary circumstances beyond Petitioner's control have made it
8   impossible for Petitioner to file his Petition on time.  The undersigned finds no circumstances
9   present in the record before the Court that justifies equitably tolling the statute of limitations.
10  Therefore, Petitioner is not entitled to equitable tolling.

11      As previously discussed, neither is Petitioner entitled to statutory tolling.  Accordingly,
12  since Petitioner is not entitled to any tolling relief to avoid the running of the one-year limitation
13  period, and since the limitation period provided for in 28 U.S.C. § 2244(d)(1) expired three
14  months before the filing of the Petition, the Petition is untimely and should be dismissed.

### RECOMMENDATIONS

Accordingly, the Court RECOMMENDS as follows:

15  1.   The Petition for Writ of Habeas Corpus  ( Doc. 1) be DISMISSED, with
16       prejudice, as untimely;

17  2.   Petitioner's Application for an Extension of Time to file a response to the
18       order to show cause (Doc. 11)[6] filed February 4, 2005, be DENIED as moot.

19  3.   Petitioner's Motion/Application for a Preliminary Injunction (Doc. 8) filed
20       January 26, 2005, be DENIED as moot;

21  4.   Petitioner's Motion to Set Aside a Fraudulent Conveyance ( Doc. 9) filed
22       January 28, 2005, be DENIED as moot;

23  5.   Petitioner's Motion for an Order to Show Cause and Temporary Restraining
24       Order (Doc. 10) filed January 28, 2005, be DENIED as moot; and

---

[6]Petitioner filed a response to the order to show cause on January 24, 2005.  (Doc. 7).

6.    Petitioner's Motion that Documentation to Be Incorporated Into This Action

(Doc. 12) filed April 18, 2005, be DENIED as moot.

This Report and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Report and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Replies to the Objections shall be served and filed within fifteen (15) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1) (c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez  v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    May 2, 2005**            **/s/ Theresa A. Goldner**
j6eb3d                          UNITED STATES MAGISTRATE JUDGE

13