1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10   GUILLERMO VERA,                    )   1:04-cv-06349-OWW-TAG HC
                                        )
11                                      )   ORDER DENYING ISSUANCE OF
                         Petitioner,    )   CERTIFICATE OF APPEALABILITY (Doc. 14)
12                                      )
                                        )
13         v.                           )
                                        )
14   STUART J. RYAN, et al.,            )
                                        )
15                       Respondents.   )
     _____)
16

17         Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for

18   writ of habeas corpus pursuant to 28 U.S.C. § 2254.

19                           **PROCEDURAL HISTORY**

20         On October 1, 2004, Petitioner filed the instant Petition.  (Doc. 1).  On May 2, 2005, the

21   United States Magistrate Judge issued a Report and Recommendation that the Petition be

22   dismissed with prejudice as untimely and in violation of the one-year statute of limitations in 28

23   U.S.C. § 2244(d).  (Doc. 13).  The Report and Recommendation afforded all parties a thirty-day

24   period within which to file objections.  (Id.).  On May 11, 2005, only nine days after the Court

25   issued its Report and Recommendation, Petitioner filed a Notice of Appeal in the United States

26   Court of Appeals for the Ninth Circuit.  (Doc. 14).

27         **LEGAL STANDARD FOR CERTIFICATE OF APPEALABILITY**

28         "If no express request for a certificate is filed, the notice of appeal constitutes a request

                                          1

addressed to the judges of the court of appeals." Fed. R. App. P. 22(b)(3).  A state prisoner

seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of

his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537

U.S. 322, 336 (2003).  The controlling statute in determining whether to issue a certificate of

appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
> district judge, the final order shall be subject to review, on appeal, by the court
> of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the
> validity of a warrant to remove to another district or place for commitment or trial
> a person charged with a criminal offense against the United States, or to test the
> validity of such person's detention pending removal proceedings.

> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
>        appeal may not be taken to the court of appeals from–

>            (A) the final order in a habeas corpus proceeding in which the
>            detention complained of arises out of process issued by a State
>            court; or

>            (B) the final order in a proceeding under section 2255.

>        (2) A certificate of appealability may issue under paragraph (1) only if the
>        applicant has made a substantial showing of the denial of a constitutional right.

>        (3) The certificate of appealability under paragraph (1) shall indicate which
>        specific issue or issues satisfy the showing required by paragraph (2).

Therefore, *final orders* issued by a federal district court in habeas corpus proceedings are

reviewable by the circuit court of appeals.  28 U.S.C. § 2253(a).  In order to have final orders

reviewed, Petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253(c).  This Court

will issue a certificate of appealability when a petitioner makes a substantial showing of the

denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the

Petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues presented

were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S.

473, 483 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

The filing of a notice of appeal generally divests the district court of jurisdiction to

determine the "substantial rights" at issue in an action during the pendency of the appeal.  Griggs

1  v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (*per curiam*); Bermudez v. Duenas,

2  936 F.2d 1064, 1068 (9th Cir. 1991); Pyrodyne Corp. v. Pyrotronics Corp., 847 F.2d 1398, 1403

3  (9th Cir. 1988); Gould v. Mutual Life Insurance Company of New York, 790 F.2d 769, 772 (9th

4  Cir. 1986); Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984); Davis v. United States, 667

5  F.2d 822, 824 (9th Cir. 1982).  An exception to this rule exists where a deficiency in the notice of

6  appeal "is clear to the district court."  Ruby v. Secretary of the United States Navy, 365 F.2d 385,

7  389 (9th Cir. 1966).  Only in such a case can the district court proceed with the case "knowing

8  that it has not been deprived of jurisdiction."  Id.

9  **DISCUSSION**

10       In this case, an obvious deficiency exists in the notice of appeal and Petitioner's request

11  for a certificate of appealability must be denied because the Report and Recommendation of the

12  Magistrate Judge, issued on May 2, 2005, is not a final order from which an appeal may be taken.

13  The thirty-day period within which the parties may object to the Report and Recommendation

14  has not elapsed, nor has the District Court adopted the Report and Recommendation as its own.

15  Indeed, Petitioner has requested, and the United States Magistrate Judge has granted, an

16  extension of time of thirty days, until July 6, 2005, within which Petitioner may file objections to

17  the Magistrate Judge's Report and Recommendation.  Unless and until the District Court adopts

18  the Magistrate Judge's Report and Recommendation, there is no final order from which

19  Petitioner can appeal, and hence there is no basis for issuance of a certificate of appealability.  28

20  U.S.C. § 2253.

21  **ORDER**

22       In the present case, the Court finds that Petitioner has not made the required substantial

23  showing that he has satisfied the requirements of 28 U.S.C. § 2253, because the order from

24  which he is attempting to appeal is not final.  Accordingly, the Court hereby DENIES Petitioner's

25  request for issuance of a certificate of appealability.  (Doc. 14).

26

27  IT IS SO ORDERED.

28  **Dated:    May 19, 2005                                   /s/ Oliver W. Wanger**

3

emm0d6                           UNITED STATES DISTRICT JUDGE