1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT FOR THE

7                         EASTERN DISTRICT OF CALIFORNIA

8

9  GUILLERMO VERA,                    )        No. CV-F-04-6349 OWW/TAG
                                      )
10                                    )        ORDER DISMISSING
                                      )        PETITIONER'S MOTION FOR
11                Petitioner,         )        RECONSIDERATION FOR LACK OF
                                      )        JURISDICTION (Doc. 32)
12            vs.                     )
                                      )
13                                    )
   STUART J. RYAN, MIKE EVANS,        )
14 Wardens,                           )
                                      )
15                                    )
                                      )
16                Respondents.        )
                                      )
17 _____   )

18       On September 10, 2004, petitioner, a state prisoner, filed a

19 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

20 By Order filed on September 27, 2005, the petition was dismissed

21 with prejudice as untimely.  Judgment for respondents was entered

22 on September 27, 2005.  Petitioner's request for a certificate of

23 appealability was denied by Order filed on October 20, 2005.  On

24 January 19, 2006, the Ninth Circuit also denied petitioner's

25 request for a certificate of appealability.

26       On September 20, 2006, petitioner filed a "Motion for

                                      1

Reconsideration" in which petitioner requests "a reconsideration of the case based on a infraction Article 60 of the Nations Decree In Vienna [sic]" and citing *Brannan v. United Student Aid Funds Inc.*, 94 F.3d 1260 (9th Cir.1996).[1]  Attached to the motion for reconsideration is a letter in the Spanish language dated June 29, 2006.

Petitioner's motion for reconsideration is DISMISSED. Petitioner did not raise the claim asserted in the motion for reconsideration as a claim for relief in his petition for writ of habeas corpus and is not seeking reconsideration of a ruling made in denying the petition.  Therefore, the motion for reconsideration must be construed as a second or successive motion pursuant to Section 2254 governed by 28 U.S.C. § 2244. *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir.), *cert. denied*, 524 U.S. 965 (1998)("[W]hen the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b) ..., the Rule 60(b) motion should be treated as a successive habeas petition.").  Jurisdiction in the district court to consider the merits of the motion is lacking.  *United States v. Allen*, 157 F.3d 611, 664 (9th Cir.1998).  In order to proceed with the claim raised in the motion for reconsideration, petitioner first must move for and receive from the Ninth Circuit Court of Appeals an order authorizing the district court to consider the application.  28 U.S.C. §§ 2244(b)(3)(A).

---

[1]The citation to *Brannan* is incorrectly stated in petitioner's motion.

1    ACCORDINGLY, as set forth above:

2    1.   Petitioner's Motion for Reconsideration is DISMISSED for

3    lack of jurisdiction.

4    IT IS SO ORDERED.

5    **Dated:    September 27, 2006**              /s/ Oliver W. Wanger
     emm0d6                                UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3